| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | **FILED**<br>JEANNE A. NAUGHTON, CLERK<br>FEB 16 2023<br>U.S. BANKRUPTCY COURT<br>TRENTON, NJ<br>BY_____ DEPUTY |
| Terri L. Beideman<br>215 Nantucket Road<br>Forked River, NJ 08731<br>Phone: 609-607-7750<br>Email: t2022.bk@gmail.com | |
| In Re:<br><br>Terri Lei Beideman<br><br>Debtor | Case No.:  22-19791-KCF<br><br>Chapter:  7<br><br>Hearing Date:  March 28, 2023<br><br>Judge:  Honorable Kathryn C. Ferguson |

## CERTIFICATION OF TERRI LEI BEIDEMAN IN SUPPORT OF HER MOTION FOR AUTHORITY TO REDEEM PERSONAL PROPERTY IN A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 722 AND BANKRUPTCY RULE 6008

I, Terri Lei Beideman, Debtor in the above captioned case, hereby submits this Certification in support of my Motion for Authority to Redeem Personal Property in a Chapter 7 Case Pursuant to 11 U.S.C. § 722 and Bankruptcy Rule 6008, which I filed with the Court.

1. On December 12, 2022, I filed a *Voluntary Petition for Individuals Filing for Bankruptcy* under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey *(Doc 1)*.

2. This petition opened a bankruptcy case before the Honorable Kathryn C. Ferguson. The case number is 22-19791-KCF.

3. Within my *Petition*, I listed an automobile that is tangible, personal property intended primarily for personal, family, or household use, and which is more particularly described as follows ("Vehicle"):

|  |  |
|---|---|
| Listing in Schedule A/B: | 3.1 *(Doc 1 at 13)* |
| Year: | 2014 |
| Make: | Honda |
| Model: | CR-V |
| VIN: | 5J6RM4H31EL111917 |

4. The debt related to Vehicle is a dischargeable consumer debt and is secured by Vehicle to the extent of the allowed claim of the Secured Creditor, Digital Federal Credit Union ("DCU"). This debt is more particularly described as follows ("Vehicle Loan"):

|  |  |
|---|---|
| Listing in Schedule D: | 2.2 *(Doc 1 at 28)* |
| Name of Secured Creditor: | Digital Federal Credit Union |
| Date of Loan: | 8/4/2016 |
| Original Balance: | $25,849.00 |
| Remaining Balance: | $18,423.00 |
| Unsecured Balance: | $10,083.00 |

5. In conjunction with the filing of my bankruptcy petition, I also sent, via Certified Mail with electronic return receipt ("CMRRR"), a copy of the filed *Statement of Intention for Individuals Filing Under Chapter 7 (Doc 1 at 99-100)*, to the listed secured creditors, including DCU. The return receipt for service upon DCU is included with this Motion as *Exhibit A*.

6. The *Statement of Intention* indicated that my intent is to redeem Vehicle. This Motion is brought to effectuate the redemption of Vehicle.

7. Because DCU previously withdrew its New Jersey-based corporate registered agent, I addressed the *Statement of Intention* to the specific attention of Shruti Miyashiro, the Chief Executive of DCU, who is listed as CEO/Manager on DCU's Credit Union profile maintained by the National Credit Union Association ("NCUA"), the government instrumentality that charters and regulates Federal credit unions such as DCU. The information concerning the withdrawn corporate agent and current information from NCUA is included with this Motion as *Exhibit B*.

8. The *Certification of Service* for the copies of the filed *Statement of Intention* that were sent to the secured creditors is posted to the case docket at *17*.

9. The remaining balance owed on Vehicle Loan exceeds the value of Vehicle. As there is no equity to exempt, Vehicle was not listed on *Schedule C* of my petition. Due to this lack of equity, it is

likely that the Chapter 7 Trustee, Daniel E. Straffi, will find that Vehicle is of inconsequential value to the estate, and accordingly abandon it from the estate. However, as of the date of bringing this Motion, he has not yet taken any action with respect to Vehicle. I have contacted the Trustee to make him aware of the facts described herein in advance of my bringing this Motion.

10. For purposes of redemption pursuant to 11 U.S.C. § 722, the allowed secured claim of Vehicle (its "Redemption Value"), should be determined to be not more than nine thousand dollars ($9,000.00), as shown in *Exhibit C*. This amount, which is agreed upon by both DCU and me, is based upon:

   (a) Debtor's knowledge of the value of Vehicle, which is informed by sources of such valuation information that are available to the general public;

   (b) the value that a creditor could expect to realize from commercially reasonable disposition of Vehicle; *(11 U.S.C. §§ 506(a), 722; see also In re Waters, 122 B.R. 298 (Bankr. W.D.TX 1990))*; and

   (c) a reasonable reduction for the retail cost of repairs *(See In re Morales, 387 B.R. 36 (Bankr. C.D.CA 2008))*.

11. Both DCU and I have negotiated a tentative agreement as to this Redemption Value, subject to the approval of the Court. This is as indicated in the *Confirmation of Voluntary Decision to Redeem Collateral* from DCU, which is included with this Motion as *Exhibit D*.

12. Even though we have reached this tentative agreement as to the redemption, I have made DCU aware that I am unable to effectuate the redemption until I receive permission from the Court to do so.

13. I have made arrangements, subject to the approval of the Court, to enter into a Family Loan Agreement with my son Justin Scott Beideman ("Family Lender") to borrow, at the rate of 2.5% interest, the funds necessary to pay the Redemption Value of Vehicle in a lump sum. Family Lender has provided a written a good faith sample of the Family Loan Agreement for the Court's

review, which I submit as *Exhibit E*. As the terms therein constitute a bona fide, formal loan agreement, consideration was given to ensuring the terms and rate of interest is sufficient to ensure it exceeds the standards required by the Internal Revenue Service to be properly classified as a loan. Family Lender is also aware that approval of this Motion is required before I am able to enter into this agreement while my bankruptcy case is active and open.

14. I investigated commercial sources of redemption financing, which were found to be significantly more expensive than the terms offered by Family Lender. I see no need to incur the additional costs charged by lenders that specialize in redemption financing such as the type needed for this transaction, when I have a family member graciously willing and fortunately able to lend the short-term funds needed at a much more reasonable cost.

15. In the event that any party objects to this Motion, I request that the Court to determine the value of Vehicle as of the time of the hearing on such objection.

16. In consideration of the preceding, I respectfully request that my Motion for Authority to Redeem Personal Property in a Chapter 7 Case Pursuant to 11 U.S.C. § 722 and Bankruptcy Rule 6008 be granted, and the proposed order be adopted. This order confirms the value of Vehicle to be nine thousand dollars ($9,000.00) and grants me permission to borrow this amount under a Family Loan Agreement from Family Lender. It also provides that DCU is directed to accept the lump sum payment of the Redemption Value of Vehicle, provided such is made within fifteen (15) days of the Order. Within thirty (30) days of payment, DCU must then release their lien of record. The Order also allows for any such additional or alternative relief as the Court may direct.

I certify under penalty of perjury that the above is true.

Date: Feb. 15, 2023

_____
Signature